1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\* \* \***

7
8
9
10
11
12

FANTASTIC ENTERTAINMENT
ENTERPRISES, LLC,

Plaintiff(s),

v.

PINK PERSONALITY, LLC, et al.,

Defendant(s).

Case No. 2:15-CV-2166 JCM (GWF)

ORDER

13
14
15
16

Presently before the court is defendants Pink Personality, LLC and Pink Personality, Inc.'s motion to transfer venue to the Southern District of New York under 28 U.S.C. § 1404(a). (ECF No. 15). Fantastic Entertainment Enterprises, LLC filed a response in opposition (ECF No. 17), and the defendants filed a reply. (ECF No. 18).

17

### I. Background

18
19
20
21
22

Plaintiff Fantastic Entertainment Enterprises, LLC is a Nevada limited liability company with authorization to conduct business in Clark County, Nevada. (ECF No. 1 at Ex. A, ¶ 1). Defendant Pink Personality, LLC is a Delaware limited liabilities company and defendant Pink Personality, Inc. is a Delaware corporation. (*Id.* at Ex. A, ¶¶ 2, 3). Both defendants' principal place of business is in California. (ECF No. 15 at 3).

23
24
25
26
27

Plaintiff alleges that on March 21, 2015, defendants entered into an appearance agreement with Jam House Live, LLC ("Jam House"). (ECF No. 1 at Ex. A, ¶ 7). Under the agreement, plaintiff and Jam House were to produce jointly an event at Chateau Night Club where defendants agreed that Onika Maraj, otherwise known as Nicki Minaj, would make an appearance. (*Id.* at Ex. A, ¶ 8). Plaintiff paid defendants $236,000.00 in exchange for their services. (*Id.* at Ex. A, ¶ 12).

28

James C. Mahan
U.S. District Judge

The appearance agreement contained a choice-of-law and forum-selection clause that requires the parties to litigate any disputes that arise under the contract in New York and under the laws of New York. (ECF No. 15 at Ex. A, ¶ 15).

On May 2, 2015, Ms. Minaj was supposed to arrive at the night club at midnight, remain for at least one hour, and perform two songs. (EFC No. 1 at Ex. A, ¶ 11(b-d)). Plaintiff alleges that defendants breached the agreement because Ms. Minaj arrived at 1:19 a.m., remained for approximately thirty-four minutes, and did not perform two songs. (*Id.* at Ex. A, ¶ 13(a-c)).

After the event, Jam House transferred all of its right, title, and interest from the agreement to plaintiff. (ECF No. 1 at Ex. A, ¶ 8). On October 6, 2015, Plaintiff commenced this action in the Eighth Judicial District Court of Clark County. (ECF No. 1 at ¶ 1). On November 13, 2015, defendants filed for removal to this court under 28. U.S.C. § 1332. (ECF No. 1).

**II. Legal Standard**

The Supreme Court has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S.Ct. 568, 580 (2013) (citing 28 U.S.C. § 1404(a)). Ordinarily, a § 1404(a) analysis requires evaluating both the convenience of the parties and public interests. *Id.* at 581. However, the traditional analysis changes when courts review a § 1404(a) motion that is based on a forum-selection clause. *Id.* "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

First, "the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. This wide departure from the typical rule of "plaintiff's venue privilege" reflects that the plaintiff has already effectively exercised that privilege by agreeing to the forum-selection clause before a dispute ever arose. *See id.* at 582.

Second, a court "should not consider arguments about the parties' private interests." *Id.* By agreeing to a forum-selection clause, the parties "waive the right to challenge the preselected forum

James C. Mahan
U.S. District Judge

- 2 -

1  as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the

2  litigation." *Id.*

3      And third, "when a party bound by a forum selection clause flouts its contractual obligation

4  and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original

5  venue's choice-of-law rules." *Id.* This is a notable exception to the usual choice-of-law rules that

6  apply when a case is transferred pursuant to § 1404(a). *See Klaxon Co. v. Stentor Elec. Mfg. Co.,*

7  313 U.S. 487, 494–96 (1941).

8      Courts should be hesitant to "unnecessarily disrupt the parties' settled expectations" by

9  failing to transfer a case when a valid, unambiguous forum-selection clause so requires. *See*

10 *Atlantic Marine,* 134 S.Ct. at 583. Thus, "[i]n all but the most unusual cases . . . 'the interest of

11 justice' is served by holding parties to their bargain." *Id.*

12     **III. Discussion**

13     Plaintiff argues that the court should not grant defendants' motion to transfer venue because

14 the public interest against enforcement of the forum-selection clause meets the "extraordinary

15 circumstance" threshold. (ECF No. 17 at 7-9). Plaintiff also argues that the District of Nevada,

16 rather than Southern District of New York, has proper venue because defendants do not reside in

17 and events did not substantially occur in the Southern District of New York. (ECF No. 17 at 9-10).

18 However, defendants argue that the forum-selection clause in the appearance agreement creates

19 proper venue in the Southern District of New York. (ECF No. 15 at 5-11).

20     In determining the validity of the forum-selection clause, the court must resolve three

21 issues: (1) which laws govern the validity of the forum-selection clause; *See E. & J. Gallo Winery*

22 *v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006); (2), whether, under the applicable law,

23 the forum-selection clause is valid, *See id.*; and (3), if the forum-selection clause is valid then the

24 court must determine if public interest would defeat the validity of the forum-selection clause. *See*

25 *Atlantic Marine*, 134 S.Ct. at 582 (explains the "extraordinary circumstance" threshold).

26 . . .

27 . . .

28 . . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*a. Choice of Law*

Under Ninth Circuit authority, when a contract contains a choice-of-law provision, the provision's specified law governs the validity of the forum-selection clause. *E. & J. Gallo Winery*, 446 F.3d at 994. The present contract includes both a forum-selection clause and a choice-of-law provision. (ECF No. 15 at Ex. A, ¶ 15). The forum-selection clause submits jurisdiction to the "courts located in New York County" and the choice-of-law provision selects the laws of the State of New York. *Id*. Therefore, the laws of the State of New York and the Second Circuit govern the validity of the forum-selection clause. In its response, plaintiff does not acknowledge that New York law applies to the forum-selection clause and does not raise any defenses against the Second Circuit test.

*b. Second Circuit Forum Selection Clause Test*

The Second Circuit applies a four element test in determining whether to enforce a forum-selection clause. *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). The first three elements evaluate: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive . . . and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Id*. (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)).

A forum-selection clause becomes presumptively enforceable if the clause has been reasonably communicated to the resisting party, is mandatory, and covers the parties and claims in the dispute. *Id*. (citing *Phillips*, 494 F.3d at 383). If the court finds that the clause is presumptively enforceable, then the fourth element of the analysis applies. *Id*. (citing *Phillips*, 494 F.3d at 383-84). The fourth element shifts the burden to the non-moving party, creating a opportunity to defeat enforcement by "(4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id*. (citing *Phillips*, 494 F.3d at 383-84).

*(1) Reasonably Communicated to the Resisting Party*

A forum-selection clause is reasonably communicated to the resisting party if it is phrased in clear and unambiguous language. *See Effron v. Line Cruises*, 67 F.3d 7, 9 (2d Cir. 1995). Here,

**James C. Mahan**
**U.S. District Judge**

the forum-selection clause was reasonably communicated because the provision clearly and unambiguously states that "[t]he parties agree to submit to the jurisdiction of the Federal and State courts located in New York County in any action which may arise from this Agreement." (ECF No. 15 at Ex. A, 8). The forum-selection clause is also easily identifiable because it appears in standard font under the "Applicable Law and Choice of Forum" section of the contract. *Id.*

### (2) Mandatory or Permissive

There are two types of forum-selection clauses: mandatory and permissive. A mandatory forum-selection clause confers exclusive jurisdiction to a forum, where plaintiff must submit all claims to the jurisdiction that the clause selects. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993)). Alternatively, a permissive forum-selection clause confers jurisdiction to a particular forum, but does not deny plaintiff jurisdiction in an otherwise appropriate forum. *Id.* Here, the forum-selection clause is mandatory; it allows parties to submit a claim only to the courts of New York County and specifically includes the phrase "exclusive jurisdiction over all disputes." (ECF No. 15 at Ex. A, ¶ 15).

### (3) Parties and Claims

The forum-selection clause must cover the relevant parties and claims in order to satisfy the last requirement for the presumptively enforceable threshold. *Phillips*, 494 F.3d at 383. Plaintiff is not an original signatory to the contract. However, if the plaintiff is a successor of the signatory, then it cannot escape enforcement of a forum-selection clause. *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009). Plaintiff qualifies as a non-signatory successor in interest. The original signatory, Jam House, transferred all rights, titles, and interests to the plaintiff, which includes obligations under this contract. (ECF No. 1 at Ex. A, ¶ 8). Therefore, the plaintiff is a party that the forum-selection clause covers.

Furthermore, the forum-selection clause covers "all disputes between the parties pertaining to this Agreement and all matters related thereto." *Id.* The plaintiff's claims are for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. (ECF No. 1 at Ex. A, ¶¶ 21- 41). These claims arise directly from and are "related to" obligations and

James C. Mahan
U.S. District Judge

1    duties that the appearance agreement creates. Therefore, the forum-selection clause covers the
2    plaintiff's claims.

3                    *(4) Defeating Presumptive Enforceability*

4        The forum-selection clause is presumptively enforceable because it was reasonably
5    communicated, is mandatory, and covers the relevant claims and parties. Nevertheless, the plaintiff
6    can defeat this presumption by showing that "enforcement would be unreasonable or unjust, or
7    that the clause was invalid for such reasons as fraud or overreaching." *Phillips*, 494 F.3d at 384.
8    The non-moving party can meet the standard set in the fourth element by making showing that
9    "(1) it's incorporation was the result of fraud or overreaching; (2) the law to be applied in the
10   selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the
11   forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff
12   effectively will be deprived of his day in court." *Phillips*, 494 F.3d at 392 (citing *Roby*, 996 F.2d
13   at 1363).

14       The record does not indicate that the clause was the result of fraud or overreaching, or that
15   a venue transfer to the Southern District of New York would deprive plaintiff of the opportunity
16   to litigate its claims. Plaintiff does not suggest that there is any public policy that contradicts
17   enforcement, nor does the court find that the laws in the Second Circuit are fundamentally unfair.
18   Accordingly, plaintiff has failed to rebut presumptive enforceability, making the forum-selection
19   clause in the appearance agreement valid.

20       *c. Public Interest*

21       Courts may deny a § 1404(a) motion to transfer based on an otherwise valid forum-
22   selection clause when public interests factors create an "extraordinary circumstance." *Atlantic*
23   *Marine*, 134 S.Ct. at 581-82. However, "[i]n all but the most unusual cases . . . the 'interests of
24   justice' is served by holding parties to their bargain." *Id.* at 583. Public interest factors may include
25   considerations such as "the administrative difficulties flowing from court congestion[,] the local
26   interest in having localized controversies decided at home[, and] the interest in having the trial of
27   a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (quoting *Piper Aircraft Co.*
28   *v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

**James C. Mahan**
**U.S. District Judge**

Plaintiff raises three public interest factors in favor of denying defendants' motion to transfer. First, the caseload in Nevada courts is not substantially more burdensome that the caseload in New York courts. (ECF No. 17 at 7-8). Second, the controversy that gives rise to this case is substantially localized and Nevada courts have an interest in settling a local dispute. (*Id.* at 8). Third, Nevada law applies, giving preference to adjudication in Nevada courts. (*Id.* at 9).

Plaintiff's public interest considerations do not rise to the level of "extraordinary circumstance." The public factors that the plaintiff raises includes a number of problems. First, the amount of time it takes to litigate in Nevada courts is not substantially different from the amount of time it takes to litigate in New York courts. In fact, litigation in Nevada courts take roughly six months longer than in New York courts. (ECF No. 15 at Ex. C). The minimal weight that this factor carries cuts against plaintiff and in favor of enforcement. Second, the public's interest in the enforcement of provisions of contracts far outweighs any local interest to adjudicate cases that substantially arises from local disputes. In addition, a local interest to adjudicate a case is not enough to satisfy the "exceptional circumstance" threshold. *See Monastiero v. appMobi, Inc.*, No. C 13–05711 SI, 2014 WL 1991564, at *4 (N.D. Cal. May 15, 2014) (finding that a local interest to adjudicate cases weighs in favor of non-enforcement but is not enough to prevent enforcement). Third, plaintiff has failed to demonstrate that Nevada law will apply to the issues in this case.

Overall, the laws of the Second Circuit govern the forum-selection clause, and under those laws, the forum-selection clause is valid. Furthermore, the public interest factors do not override the validity of the forum-selection clause because they do not meet the "extraordinary circumstance" threshold. Therefore, the court will grant defendants' motion to transfer venue.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to transfer venue to the Southern District of New York, (ECF No. 15), be, and the same hereby is, GRANTED.

DATED June 8, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge